STATE of Missouri, ex rel. Judith
PATRICK, Plaintiff,

v.

Eula KIDD, Clerk of the Circuit Court of
Jefferson County, Missouri, and Judge
Philip Hess, Presiding Judge of the 23rd
Judicial Circuit of Missouri, Defendants.

No. 44612.

Missouri Court of Appeals,
Eastern District,
En Banc.

March 2, 1982.

Michael J. Pifko, Wilson, Smith & McCullin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

Robert S. Moss, Clayton, for appellant.

Joseph P. Cunningham, III, Festus, for respondent.

CRIST, Judge.

Plaintiff Judith Patrick seeks our order in mandamus against defendants Eula Kidd, Clerk of the Circuit Court of Jefferson County, Missouri, and the Honorable Philip Hess, Presiding Judge of the 23rd Judicial Circuit of Missouri, to compel the defendants to permit plaintiff to file an action pro se under the Adult Abuse Act, §§ 455.010 to 455.085, RSMo.Supp.1980 (hereafter Chapter 455 or the Adult Abuse Act).

Chapter 455 provides a procedure whereby an adult who has been subject to abuse by another adult member of the household may seek relief by filing a verified petition either in the county where the petitioner resides, where the incident occurred, or where the responding party may be served. Section 455.015, RSMo.Supp.1980. Under § 455.025, it is the duty of the circuit clerk to explain to litigants "not represented by counsel" the procedures for filing forms and pleadings. The clerk is also required to advise the petitioner in regard to his or her right to file a motion and affidavit to sue in forma pauperis. The section further provides that the performance of these duties by the clerk does not constitute the practice of law as defined in § 484.010, RSMo.1978. Many forms of temporary and permanent relief are available including injunctions restraining the responding party from abusing, threatening to abuse, molesting, or disturbing the peace of the petitioner and enjoining the same party from entering premises used as a dwelling by petitioner. The court may also in the permanent order award custody of minor children, award child support, and award maintenance to petitioner where the petitioner and respondent are lawfully married. Sections 455.045 and 455.050. Under § 455.070 proceedings under the Adult Abuse Act are independent of any proceedings for dissolution of marriage, legal separation, separate maintenance and other actions between the parties and are in addition to other remedies. *See, State ex rel. Williams v. Marsh,* 626 S.W.2d 223 (Mo. banc 1982) re constitutionality of Chapter 455.

Judith Patrick had filed a petition for dissolution of marriage on December 3, 1980, in the Circuit Court of Jefferson County, Missouri. Thereafter on December 12, 1980, Mark Steven Patrick, the respondent in that action, executed and filed a general entry of appearance. The case was last set for hearing on August 27, 1981. Judith was represented in this dissolution proceeding by attorney Robert S. Moss who also represents her in the mandamus action filed in this court.

The parties admitted that on July 21, 1981 Judith, without any prepared forms, appeared at the office of the circuit clerk in Jefferson County, Missouri, for assistance in filing a petition under the Adult Abuse Act "due to past, present and threatened physical abuse by her husband at her residence." The Circuit Court of Jefferson County has the policy of not allowing the filing of pro se petitions under Chapter 455 by persons represented by counsel in dissolution of marriage actions pending with the court. Pursuant to the policy of the court, the circuit clerk refused to allow her clerks to help plaintiff prepare her Chapter 455 petition.

■ The circuit clerk has no duty under the Adult Abuse Act to assist litigants al-

ready represented by a lawyer in the Adult Abuse Act proceedings. Section 455.025. Defendants assert Judith was "represented by counsel" within the meaning of § 455.-025 because she was represented by counsel in her pending dissolution of marriage action, and because she acted upon advice of her counsel when she appeared in Jefferson County to seek help in filing her petition under the Adult Abuse Act. But not so.

A lawyer may represent a person in only one of several actions pending at the same time. Proceedings under the Adult Abuse Act are independent from proceedings under the Dissolution of Marriage Act. An Adult Abuse Act litigant does not have to prove to the circuit clerk that he or she is not represented by counsel in the proceeding. All the litigant need do is advise the circuit clerk he or she is not represented by counsel in the proposed filing under the Adult Abuse Act, and the circuit clerk must then render assistance to such litigant as is mandated by § 455.025. The policy of the circuit court in not allowing the filing of a petition under Chapter 455 when the person seeking to do so is represented by counsel in a pending action for dissolution of marriage is contrary to the intent of Chapter 455.

It is hereby ordered that Judith Patrick be permitted to file her petition pro se under the Adult Abuse Act as prayed. In the event that Judith Patrick needs assistance in filing her petition, it is ordered that she receive assistance from the circuit clerk of Jefferson County, Missouri as mandated by § 455.025 upon her appearance before such circuit clerk and upon such certification as the circuit clerk shall reasonably require that Judith Patrick is not represented by a lawyer in the adult abuse proceeding being filed.

KELLY, C. J., and DOWD, REINHARD, STEPHAN, SNYDER and PUDLOWSKI, JJ., concur.