Dorothy R. CUNNINGHAM, Respondent,

v.

William H. CUNNINGHAM, Appellant.

No. 47372.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Theodore S. Schechter, Clayton, for appellant.

Edward C. Vancil, Clayton, for respondent.

CRANDALL, Judge.

William H. Cunningham, appellant herein, appeals from an order entered against him in a proceeding under the Adult Abuse Act, § 455.010 to § 455.085, RSMo (Supp. 1983). The suit was brought by his wife Dorothy R. Cunningham, respondent herein. We reverse.

This action was initiated by a Petition for Order of Protection, filed pursuant to the Adult Abuse Act, brought by Dorothy R. Cunningham on April 27, 1983.[1] An ex parte Order of Protection was entered on that date excluding William H. Cunningham from the parties' residence. The residence was appellant's property having been purchased by him prior to his marriage to respondent.

On May 6, 1983, a hearing on a Full Order of Protection was held. Evidence was adduced and the trial court entered an order excluding *Dorothy R. Cunningham* from the residence and awarding her $300 per week maintenance "until September 5, 1983, unless sooner terminated or extended by the Court." Although exclusion of Dorothy R. Cunningham from the residence was not requested by either party, no appeal was taken from that order, and we do not address it. Appellant instead challenges the trial court's award of maintenance and a court ordered wage assignment.

Section 455.050.7(1)(b), RSMo (Supp.1983) provides that a court may award maintenance if it finds, among other factors, "[t]he party lacks sufficient property to provide for his reasonable needs." A relevant factor to be considered in determining the amount of maintenance and its duration is "the financial resources of the party seeking maintenance, and his ability to meet his needs independently ...." § 455.050.7(2)(a), RSMo (Supp.1983). The relevant statutory language is essentially the same as that used in § 452.335, RSMo (1978) of the Dissolution of Marriage Act.

In this case respondent testified that she was unemployed. She testified that she owned a house, which she purchased prior to her marriage to appellant. That house was occupied by her son by a prior marriage and his two friends. They did maintenance work on the house rather than pay rent. She testified that she had $5,000 in various checking and savings accounts. At the hearing she requested an award sufficient to pay the mortgage and utilities plus $100 a week "so that I can buy groceries and keep things going in the house." She did not specify the property to which she was referring when she requested payment of the mortgage, nor did she specify the amount of the mortgage. There was no evidence of the cost of her utility bills.

1. At the same time, respondent filed a petition for dissolution of her marriage to appellant. § 452.315 provides for relief to a party similar to that which is available in an adult abuse proceeding. While the Adult Abuse Act provides necessary relief in non-dissolution situations, it would appear somewhat superfluous once a dissolution proceeding is filed and all the parties' rights can be adjudicated in one action. While statutorily permitted, *see Patrick v. Kidd,* 631 S.W.2d 666 (Mo.App.1982), it unnecessarily fragments the litigation process.

It is clear that, in dissolution proceedings, a party must prove need before maintenance can be awarded. § 452.335.1, RSMo (1978). We acknowledge that maintenance awards are within the discretion of the trial court; however, such awards must be "made within a reasonable tolerance of proof." *Trunko v. Trunko*, 642 S.W.2d 673, 676 (Mo.App.1982). The factors to be considered in awarding temporary maintenance are the same as those to be considered in making a permanent award. § 452.315.5, RSMo (1978). As noted above, these are essentially the same statutory prerequisites for a maintenance award in adult abuse proceedings. It therefore seems clear that the legislature intended the same requirements be satisfied before the same relief, i.e. a maintenance award, could be given.

Respondent argues that the time factor involved in an adult abuse proceeding does not allow for "great evidentiary detail." The hearing for a "full order of protection" must be held within fifteen days of the filing of the petition. § 455.040.1, RSMo (Supp.1983). In comparing the Adult Abuse Act and the Dissolution of Marriage Act, however, there is no indication of a legislative intent that a lesser standard of proof should apply in an adult abuse proceeding. Indeed the wording of the statutes implies that the same standard should apply to both. While the time constraints may well influence the trial court's determination of the quantum of proof it requires to make a maintenance award, the standards for making a submissible case remain uniform.

Returning to the facts of this case, there is no evidence to support the maintenance award other than respondent's request for it. This is insufficient. *See Trunko v. Trunko*, 642 S.W.2d at 676. The judgment of the trial court awarding maintenance to respondent is reversed. The court ordered wage assignment is vacated.

KAROHL, P.J., and REINHARD, J., concur.