**Gwenette Y. TODD, Appellant,**

v.

**Alfred W. TODD, Jr., Respondent.**

**No. 55507.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 20, 1989.

Bruce Eastman, Richard R. Veit, Florissant, for appellant.

Chester A. Love, Jr., Clayton, for respondent.

CARL R. GAERTNER, Judge.

Wife appeals from the Circuit Court's denial of her request for attorney's fees incurred in her successful defense of husband's Motion to Modify a Consent Full Order of Protection. The couple married on June 3, 1972; divorced on November 21, 1977; and remarried on September 8, 1978. They have two children: Allison, age 15; and Ashley, age 9. The couple separated again in March of 1988.

On June 13, 1988, a Consent Full Order of Protection under the Adult Abuse Act was entered by the Circuit Court of St. Louis County. The order enjoined husband from entering the marital home, awarded custody of the children to wife, and required husband to pay child support, maintenance, and attorney's fees.

On August 25, 1988, husband filed a Motion to Modify the Consent Full Order of Protection. The couple's older daughter and wife were having disagreements. Allison left the family home to live with her father on July 29, 1988. Husband contacted wife by phone to discuss the differences between her and Allison. Wife told him that she couldn't do anything with Allison and that he should keep her. On August 3, 1988, Allison was taken by her father to the family home in an attempt to reconcile their differences, but mother would not allow Allison to come back home.

On September 2, 1988, the court heard husband's Motion to Modify, asking for custody of the children in the family home. Upon hearing testimony by husband and Allison the Court ordered Allison to return to the family home with her mother until a further hearing could be held on September 14, 1988. At the second hearing Allison testified that she would prefer to live in the

family home with her mother as that is where her friends are. Accordingly, the Court denied husband's Motion to Modify, but also denied wife's request for attorney's fees. The Court found that "based on the circumstances, under which Respondent's [husband's] motion to modify came before this Court, that Petitioner [wife] ought to be taxed with her own attorney's fees."

On appeal, wife challenges the denial of her request for attorney's fees. She claims that the Court did not consider all relevant factors, including the financial resources of the parties, pursuant to § 455.075, RSMo.1986, in making its ruling. Wife claims that the Court abused its discretion in basing its decision on the conduct of the parties which precipitated the action.

In reviewing a court tried case our primary concern is the correctness of the trial court's result, not the route taken to reach it. *Weber v. Knackstedt,* 707 S.W.2d 800, 804 (Mo.App.1986). A correct decision will not be disturbed on appeal merely because the trial court gave an insufficient or wrong reason for it. *Payne v. Payne,* 728 S.W.2d 635, 638 (Mo.App.1987). Mindful of the rule that the matter of awarding attorney's fees rests in the sound discretion of the trial court subject to review only for abuse of that discretion, *Franke v. Franke,* 747 S.W.2d 202, 204 (Mo.App.1988), we review the record under the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

In determining the issue of attorney's fees in an adult abuse case the court is directed by § 455.075 to "consider all relevant factors, including the financial resources of both parties...." Wife argues that the trial court's statement concerning the circumstances which caused the husband to initiate the modification proceedings indicates the sole basis for the court's ruling and, therefore, the court failed to follow the statutory mandate to consider the financial resources of both parties. The conduct of one party in forcing the other to resort to the courts is a relevant factor which the court may consider. *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo. banc 1979); *Burrus v. Burrus,* 754 S.W.2d 882, 888 (Mo.App.1988). The evidence in this case indisputably shows the motion to modify was filed only after wife on two occasions spurned husband's efforts to effect an amicable resolution of wife's refusal to abide by the terms of the consent order granting custody of Allison to her. That the court specifically noted this factor does not necessarily lead to the conclusion the court failed to consider other factors.

Wife did not offer any evidence on her own behalf. Thus, there is no evidence in the record to show the nature and extent of the legal services for which she seeks an award. The only evidence regarding the financial resources of the parties is contained in the cross-examination of husband by wife's attorney. This evidence shows wife's income from part-time employment the previous year to have been $8,500 to $9,000. Husband also knew she had access to a savings account the value of which was in excess of $2,000. They jointly owned some investments, the nature and value of which were not disclosed. Husband's annual income was $30,000. Under the consent order he was paying $135 per week as child support and, as maintenance, the home mortgage payment of $801 per month plus the cost of all utilities in the home. When these payments are deducted from husband's income, the disparity between the available resources of each party is greatly reduced. The evidence fails to demonstrate any abuse of discretion by the trial court in denying wife's request for attorney's fees.

Judgment affirmed.

PUDLOWSKI, C.J., and CRANDALL, J., concur.