**Sandra MINOR, Petitioner/Respondent,**

v.

**Lynn J. MINOR, Respondent/Respondent,**
**and**

**George D. Johnson, Intervenor/Appellant.**

No. 66893.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 18, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1995.

Application to Transfer Denied
July 25, 1995.

George D. Johnson, Clayton, for appellant.

Corinne R. Coston, Law Offices of Mary Ann Weems, Clayton, for respondent.

CRANDALL, Judge.

Appellant, George D. Johnson, appeals from the trial court's denial of his motion to intervene in a dissolution action in which he formerly represented petitioner-wife. He also appeals from the dismissal of his contempt action against respondent-husband to enforce the attorney's fees awarded by the court directly to appellant in the dissolution action and in an adult abuse action. We reverse the judgment of the trial court dismissing appellant's contempt action and remand the cause to the trial court. We affirm the trial court's denial of appellant's motion to intervene.

Petitioner, Sandra Minor (wife), filed her petition for dissolution of her marriage to respondent, Lynn Minor (husband), on July 31, 1991. Their marriage was dissolved on January 11, 1994. During the pendency of the dissolution action, wife obtained a full order of protection against husband, which was issued on June 22, 1992. In both actions, appellant, George D. Johnson (attorney), represented wife. In the order of protection the court awarded attorney's fees of $100.00 directly to attorney; and in the decree of dissolution the court awarded attorney's fees of $1,500.00, also directly to him.

Husband did not pay the attorney's fees. On March 30, 1994, attorney attempted to execute on the judgments for attorney's fees, but the execution was returned *nulla bona.* On June 24, 1994, attorney made demand for payment on husband. On June 30, 1994, attorney applied for orders to show cause why husband should not be held in contempt of court for failure to pay the attorney's fees

awarded in both actions. Sometime thereafter, attorney ceased representing wife. On August 31, 1994, husband filed a motion to dismiss attorney's motion for contempt, alleging that attorney lacked standing to pursue the contempt proceedings because he was not a party to the litigation between husband and wife. On September 1, 1994, attorney simultaneously filed motions to intervene in wife's actions against husband and for change of judge pursuant to Rule 51.05. On September 9, 1994, the trial court denied attorney's motions to intervene and for change of judge and granted husband's motion to dismiss attorney's contempt proceeding.

In his first point on appeal, attorney contends the trial court erred in denying his motion to intervene and in dismissing his motion for contempt. He argues that he was entitled to use contempt to enforce the awards of attorney's fees.

We first address whether attorney could utilize contempt to enforce the attorney's fees awarded directly to him in the decree of dissolution. A dissolution decree may include an order to pay attorney's fees directly to the attorney. Section 452.355, RSMo (1994) reads in pertinent part:

> 1. The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount ... for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that amount be paid directly to the attorney, who may enforce the order in his name.

In *State ex rel. Stanhope v. Pratt,* 533 S.W.2d 567 (Mo. banc 1976), the Supreme Court of Missouri upheld the constitutionality of contempt to enforce an award of attorney's fees in a dissolution decree. An award of attorney's fees and other court orders contained in the decree constitute orders by the court to one spouse, compelling him or her to support the other spouse by paying certain sums, and thus perform a public as well as a marital duty. *Id.* at 573. An order

to pay attorney's fees is, therefore, more than a judgment for money; it is a personal order to the spouse. *Id.* Imprisonment for contempt is not merely to enforce the payment of money, but to punish the disobedience of the spouse who is able to pay but refuses to do so. *Id.* Under these circumstances, contempt is not imprisonment for a debt within the meaning of the constitutional prohibition against such imprisonment. *Id.;* *see also* Mo. Const. art. I, § 11.

■ *Haley v. Haley,* 648 S.W.2d 890, 891 (Mo.App.1982) extended the right to use contempt proceedings to the attorney as a means of enforcing the court's award of attorney's fees, on the basis that contempt may be used to effectuate all constitutionally permitted orders contained in the dissolution decree. The award of attorney's fees directly to the attorney in a decree of dissolution constitutes a judgment, which is separate from wife's judgment and which includes the attendant right of the attorney to enforce that judgment in his or her own name. Because the attorney's judgment is separate from wife's, the attorney himself or herself may bring an independent contempt proceeding. *Id.*

In the present action, the trial court awarded attorney's fees of $1,500.00 directly to attorney in the decree of dissolution. Attorney therefore had a separate judgment which was enforceable by him against husband. Without deciding the merits of his contempt action, attorney had the right to bring a contempt proceeding against husband independent of any action of wife. The trial court therefore erred in dismissing attorney's motion for contempt to enforce the attorney's fees awarded to him in the dissolution decree.

■ We next consider whether attorney can utilize contempt to enforce the attorney's fees of $100.00 awarded directly to him in the adult abuse action. The Adult Abuse Act authorizes an award of attorney's fees directly to the attorney. Section 455.075, RSMo (1994) provides is pertinent part:

> The court may order a party to pay a reasonable amount . . . for attorney's fees, including sums for legal services rendered

and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court shall consider all relevant factors, including the financial resources of both parties, and may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The language of this statute essentially mirrors the language of § 452.355 of the Dissolution of Marriage Act. Both statutes require the court to "consider all relevant factors, including the financial resources of both parties." It seems clear that the legislature intended the same requirements be satisfied before the trial court could award attorney's fees. *See Cunningham v. Cunningham,* 673 S.W.2d 478 (Mo.App.1984) (standard for imposing maintenance award under Dissolution of Marriage Act must be applied in making maintenance award under the Adult Abuse Act). Thus, an award of attorney's fees under both acts is premised upon the inability of one spouse to pay his or her own attorney's fees and the ability of the other spouse to pay them.

■ Because an award of attorney's fees under the Dissolution of Marriage Act is analogous to an award under the Adult Abuse Act, the same policy considerations for enforcing the award by contempt apply. Like the order in a dissolution action, the order to pay attorney's fees in an adult abuse action is a personal order to the party against whom the full order of protection was issued. *See Stanhope,* 533 S.W.2d at 573. Similar to the order in the dissolution decree, the order to pay attorney's fees is designed to enable the party seeking an order of protection to bring the action and not be dependent upon the charity of relatives or friends or upon public assistance for the costs associated with the action. *See Id.* As with the judgment for attorney's fees in a dissolution decree, the judgment for attorney's fees in an adult abuse action may be enforced by contempt. Likewise, the attorney may bring the contempt action in his or her own name. *See Haley,* 648 S.W.2d at 891.

In the instant action, the court awarded attorney's fees of $100.00 directly to attorney when it issued the full order of protection.

Without deciding the merits of attorney's contempt action, attorney had the right to bring a contempt proceeding against husband to enforce the court-ordered attorney's fees. The trial court erred in dismissing attorney's motion for contempt to enforce the attorney's fees awarded in the adult abuse action.

■ Lastly, because attorney had the right to enforce the judgments for attorney's fees by bringing an independent contempt proceeding in his own name, he was not prejudiced by the trial court's denial of his motion to intervene. Attorney's first point is granted in part and denied in part.

■ In his second point, attorney charges error in the trial court's denial of his motion for change of judge. The trial court denied his motion for change of judge on the basis that attorney was not a party to the actions.

Attorney sought a change of judge pursuant to Rule 51.05, which reads in pertinent part:

(b) The application [for change of judge] must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due. If no answer is required to be filed, the application must be filed no later than thirty days after the filing of the civil action. If the trial judge is not designated at the time the answer is due or, if no answer is due, within thirty days after the filing of the civil action, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties and their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

■ Although the right to disqualify a judge for cause is a substantive right, the right to seek a change of judge without cause is a procedural right. Because of the procedural nature of the application for a change of judge without cause, a party seeking a change of judge under Rule 51.05 is held to strict compliance with the procedures set forth in that rule.

■ A contempt motion is not a "civil action," as that term is used in Rule 51.05, so it is not relevant to the timeliness of attorney's motion for change of judge under Rule 51.05. *Grissom v. Grissom,* 886 S.W.2d 47, 55 (Mo.App.W.D.1994). In the action before us, the "civil action" pertinent to the timeliness of attorney's motion for change of judge under Rule 51.05 was either the original dissolution action or the adult abuse action. *See Id.* Attorney's motion for change of judge in the present case was filed on September 1, 1994, well in excess of any of the 30 day limits imposed by Rule 51.05. The time for attorney to file for change of judge had expired by the time he filed his motion. *See Id.* Because attorney's motion did not satisfy the procedural requirements of Rule 51.05, the trial court was not required to consider it. *See Id.* Although the trial court's *reason* for denying attorney's motion for change of judge was erroneous, its ruling was correct. Attorney's second point is denied.

The judgment of the trial court dismissing attorney's contempt action against husband is reversed and the cause is remanded for further action consistent with this opinion. The denial of attorney's motion to intervene is affirmed.

CRANE, P.J. and DOWD, J., concur.