**In re the Matter of: Chris A. AFRIDI, Respondent,**

v.

**Kenneth Charles AUMAN, Appellant.**

**No. WD 70090.**

Missouri Court of Appeals, Western District.

Feb. 2, 2010.

**596** 

James T. Madison, Kansas City, MO, for Respondent.

Kenneth Charles Auman, Kansas City, MO, pro se.

Before Division III: JAMES E. WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Judge.

Ken Auman (Auman) successfully defended Chris Afridi's (Afridi) petition for an order of protection filed pursuant to sections 455.010, RSMo 2004 to 455.085, RSMo 2000. Auman defended the proceeding below *pro se*. Appearing *pro se* before this court, Auman appeals the ruling of the Circuit Court of Jackson County (trial court) denying his motion for legal expenses and sanctions. We affirm.

### Summary of Facts

On June 9, 2008, Afridi petitioned the trial court for an order of protection against Auman pursuant to RSMo Chapter 455. The filing of the petition was prompted by a pattern of conflict between Auman and Afridi, Auman's landlord at that time. Afridi lived in the basement of her home. Auman leased the main level of Afridi's home and paid rent to Afridi. The discord between the parties was expressed in e-mails and argument but not in physical violence. The trial court initially entered an *ex parte* order of protection on June 9, 2008, which prevented Auman from occupying the leased premises at Afridi's home, and Auman was forced to find other living accommodations until the court-ordered hearing date of June 18, 2008.[1] The hearing did, in fact, take place as scheduled on June 18, 2008. At the hearing, both Afridi and Auman testified. Upon the conclusion of evidence presented by the parties, the trial court denied Afridi's petition on the grounds that Afridi failed to meet her burden of proof in establishing that she was in "fear of danger of physical harm." After the ruling in his favor, Auman submitted a post-trial motion on July 22, 2008, seeking legal expenses and sanctions against both Afridi and her attorney. In support of his motion and in support of this appeal, Auman cites Rule 77.01, which states:

> In civil actions, the party prevailing shall recover his costs against the other party, *unless otherwise provided in these rules or by law.*

(Emphasis added.)

Auman's motion then seeks to recover, as "costs," damages for lost time from work, expenses necessary to hire someone to weed his organic vegetable garden, damages for stress, damages for repair of his fax machine, damages for time he claims to have lost finding "his things" after the hearing, damages for his time spent performing legal research in preparation for the legal proceedings before the trial court, and damages Auman believes

---

1. The court issued an order on June 11, 2008, allowing Auman to re-enter the leased premises to retrieve necessary personal possessions.

he sustained for having to encounter the presence of roaches at the leased premises when he moved back in after the hearing in which Afridi's petition was denied.

The trial court denied Auman's motion on July 29, 2008. Auman filed a motion for reconsideration on August 8, 2008, which was denied by the trial court on August 21, 2008. This appeal follows.

## Standard of Review

■ Because this is a bench-tried case, our review is governed by the standard articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Schwalm v. Schwalm*, 217 S.W.3d 335, 336 (Mo.App. E.D.2007). We are also mindful of the rule that the matter of awarding attorney fees rests in the sound discretion of the trial court, subject to review only for abuse of that discretion. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979).

## Attorney Fees

■ In general, Missouri courts follow the "American rule" whereby each party bears the expense of his own litigation. *KRP ex rel. Brown v. Penyweit*, 219 S.W.3d 829, 839 (Mo.App. W.D.2007). However, courts may be specifically authorized by statute to grant costs and attorney's fees. *Id.* Auman attempts (1) to couch his personal research efforts as "legal expenses" and (2) to characterize his entitlement to recovery as a "cost" contemplated by Rule 77.01. It is, however, undisputed that Auman does not have a license to practice law, and as such, his personal legal research efforts cannot be deemed "attorney" fees. Further, attorney's fees are not "costs." *Gene Kauffman Scholarship Found., Inc. v. Payne*, 183 S.W.3d 620, 627 (Mo.App. W.D.2006). To the contrary, section 455.075, RSMo 2002, governs the award of attorney's fees incurred in prosecuting or defending a proceeding for an order of protection:

> The court *may* order a party to pay a reasonable amount to the other party for attorney's fees incurred prior to the commencement of the proceeding or after entry of judgment. The court shall consider all relevant factors, including the financial resources of both parties, and may order that the amount be paid directly to the attorney, who may enforce the order in his name.

(Emphasis added.)

As stated previously, Auman is not, himself, an attorney and he presented no evidence to the trial court that he had incurred expenses associated with attorney's fees. Even had he presented such evidence, the award of attorney's fees in an order of protection proceeding is discretionary, and not mandatory. Auman's claimed trial error on this point is without merit.

## Costs

■ Auman next claims that his "costs" associated with gardening expenses, time off work, stress, fax machine repairs, and roaches should be recoverable from Afridi. Auman's claimed trial court error in denying his motion for "costs" is both frivolous and without legal support.

■ The concept of "costs" is a statutory creation, not one of common law. *Starling v. Union Pac. R.R. Co.*, 22 S.W.3d 213, 216 (Mo.App. W.D.2000). Statutes permitting the taxation of costs are strictly construed. *Id.* Absent express statutory authority, courts have no inherent authority to award costs. *Id.*

In this instance, not only is there no express statutory authority permitting the taxation of costs, the statutory mandate is that the trial court is expressly forbidden from taxing costs against a petitioner in

adult abuse cases commenced pursuant to sections 455.010 to 455.085. At section 455.027, RSMo 2003, it is stated:

> No filing fees, *court costs,* or bond shall be assessed to the petitioner in an action commenced pursuant to sections 455.010 to 455.085.

(Emphasis added.)

As stated previously, Auman relies upon Rule 77.01 for his argument that "costs" must be awarded to him. Auman ignores that portion of Rule 77.01 stating, "unless otherwise provided in these rules or by law." Section 455.027 can safely be said to "otherwise ... provide[ ] by law" that "costs" are not recoverable in this setting.

Since costs are not recoverable in this setting, it is not necessary for us to address Auman's frivolous suggestion that a litigant could ever recover as "costs" items such as expenses related to gardening labor and bugs. Suffice it to say, Auman's claimed trial error relating to costs is without merit.

The trial court's judgment is affirmed.

JAMES E. WELSH, Presiding Judge, and KAREN KING MITCHELL, Judge, concur.