**K.M.D., Respondent,**

v.

**Theodore M. ALOSI, Appellant.**

**No. WD 71832.**

Missouri Court of Appeals, Western District.

Nov. 9, 2010.

J. Armin Rust, Richmond, MO, for Appellant.

K.M.D. Respondent, pro se.

Before Division II: JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is an attorney's fees case. The issue is whether the circuit court abused its discretion in awarding the respondent $2,000 in attorney's fees that she incurred in conjunction with a previous appeal. We hold that there was no substantial evidence to support the court's award of attorney's fees and that the court abused its discretion in awarding them. Therefore, we reverse and remand for further proceedings.

## Facts and Procedural Background[1]

On September 17, 2007, Respondent K.D. filed a petition for an order of protection against Appellant Theodore M. Alosi. The Circuit Court of Carroll County, the Honorable Kevin L. Walden presiding, granted an ex parte order of protection, and then, on October 30, 2007, entered judgment for a full order of protection. Almost a year later, on October 20, 2008, the court entered judgment extending the

---

1. On appeal from a court-tried case, we review the facts in the light most favorable to the judgment. *Wallace v. Ferreira*, 830 S.W.2d 571, 573 (Mo.App. W.D.1992).

duration of the order of protection for six months. Alosi appealed the court's judgment of October 20, 2008. Since the six-month extension of the order of protection had expired before the appeal was submitted, we dismissed the appeal as moot. *K.D. v. Alosi,* 292 S.W.3d 616, 616–17 (Mo. App. W.D.2009).

While the appeal was pending, K.D. filed a motion in the circuit court for her appellate attorney's fees. After we dismissed the appeal, the circuit court held a hearing on the motion. At the hearing, K.D. testified that she could not afford to pay her attorney's fees because Alosi was approximately $30,000 behind in his child support and that, as a result, she spent all of her funds in caring for their children. She testified that she made forty-five dollars an hour and averaged thirty hours a week. Alosi had told K.D. that he intended to ruin her financially through litigation. K.D. presented no evidence of Alosi's financial resources, apart from noting that he had recently made a lump-sum child-support payment of $6,000. K.D. owed her attorney $7,564.56. The circuit court granted the motion and awarded K.D. $2,000 in attorney's fees. This appeal follows.

## Standard of Review

■ In a court-tried case, *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), governs our standard of review. *Afridi v. Auman,* 301 S.W.3d 595, 597 (Mo.App. W.D.2010). Accordingly, we will affirm the circuit court's judgment unless it: (1) is unsupported by substantial evidence; (2) is against the weight of the evidence; (3) misstates the law; or (4) misapplies the

law. *Murphy,* 536 S.W.2d at 32. However, on the specific issue of an attorney's fees award, we will reverse only if the court abused its discretion, *Afridi,* 301 S.W.3d at 597, or lacked the authority to award them. *Roller v. Steelman,* 297 S.W.3d 128, 131 (Mo.App. W.D.2009).

> The determination of reasonable attorney's fees is in the sound discretion of the trial court. This determination shall not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration. The trial court is considered an expert on the issue of attorney's fees such that, in the absence of a contrary showing, the trial court is presumed to know the character of the attorney's services rendered in duration, zeal, and ability.

*Realty Res., Inc. v. True Docugraphics, Inc.,* 312 S.W.3d 393, 400–01 (Mo.App. E.D.2010) (internal citations omitted).

## Legal Analysis

■ In his sole point on appeal, Alosi argues that the circuit court erred in awarding K.D. her appellate attorney's fees in that there was insufficient evidence to show the financial conditions of the parties. We agree.

■ The circuit court has the authority to award *appellate* attorney's fees if the party seeking them files a motion in the circuit court before the appellate court issues its mandate. *Amburn v. Aldridge,* 296 S.W.3d 32, 34–35 (Mo.App. W.D.2009); *Meierer v. Meierer,* 876 S.W.2d 36, 37 (Mo.App. W.D.1994).[2] Here, K.D. filed

2. We note that a motion for appellate attorney's fees may be filed in the appellate court. *See* Missouri Court of Appeals, Western District, Special Rule XXIX. It is possible that K.D. could have been entitled to appellate attorney's fees under Rule 84.19, even without evidence of financial resources, if K.D. could have demonstrated that the appeal was frivolous.

her motion in the circuit court pursuant to section 455.075.[3]

In adult abuse cases, "[t]he [circuit] court may order a party to pay a reasonable amount to the other party for attorney's fees.... The court *shall consider* all relevant factors, including *the financial resources of both parties* [.]" § 455.075 (emphasis added). "The language of this statute essentially mirrors the language of § 452.355 of the Dissolution of Marriage Act.... It seems clear that the legislature intended the same requirements be satisfied before the trial court could award attorney's fees." *Minor v. Minor,* 901 S.W.2d 163, 166 (Mo.App. E.D.1995). Therefore, there must be evidence of the parties' financial resources in order for the circuit court to award attorney's fees under these statutes. *See Hihn v. Hihn,* 237 S.W.3d 607, 609–10 (Mo.App. E.D.2007) (so holding with respect to section 452.355). Under the analogous section 452.355, "a court must know what debts each party owes and what non-employment income each party has before it can determine either need or ability to pay." *Barancik v. Meade,* 106 S.W.3d 582, 594 (Mo.App. W.D.2003). That the court did not mention the financial resources of the parties in its judgment, however, does not indicate that the court failed to consider them. *Todd v. Todd,* 772 S.W.2d 14, 15 (Mo.App. E.D.1989). Rather, we will look to the record to see if sufficient evidence was presented to allow the finder of fact to consider the financial resource of each party.

The circuit court abused its discretion in awarding K.D. her appellate attorney's fees because there was insufficient evidence of the parties' financial resources. When the circuit court asked K.D.'s counsel what evidence there was of Alosi's financial resources, she stated only that Alosi had recently made a lump-sum child-support payment of $6,000. However, there was no evidence regarding where he had procured these funds. This evidence, standing alone, does not prove Alosi's ability to pay K.D.'s attorney's fees. It is true that Alosi had threatened to ruin K.D. financially by "keep[ing][her] in court for as long as possible," which suggests that Alosi had the ability to pay attorney's fees and that K.D. did not. Nevertheless, in *Barancik,* 106 S.W.3d at 594, there was evidence of a similar threat, and we held that such did not compensate for the lack of evidence regarding the parties' financial resources.

We are aware that dissolution proceedings differ from adult abuse proceedings in that, in the former, the court will necessarily have before it a more complete picture of the parties' financial resources. *See* § 452.330 (requiring the court to enter an order dividing the marital property after considering numerous economic factors and conditions). Thus, it is less burdensome to require a substantial showing of the parties' financial resources in proceedings under the Dissolution of Marriage Act, because such evidence is usually already part of the record. The same cannot be said for proceedings under the Adult Abuse Act, because the financial resources of the parties are not ordinarily relevant until the victim moves for attorney's fees. Nevertheless, the legislature has established the same standard under both acts, and we are bound by the standard it established. While differences in the two types of proceedings may influence

---

**3.** Statutory citations are to RSMo 2000, as updated through the 2009 cumulative supplement.

the quantum of proof the trial court requires to exercise its discretion to award attorney's fees, the threshold for making such an award remains the same. *See Cunningham v. Cunningham,* 673 S.W.2d 478, 480 (Mo.App. E.D.1984) (holding that the time constraints on proceedings under the Adult Abuse Act may influence a trial court's determination of the quantum of proof it requires to make a maintenance award under the Act, but the standard for making a submissible case remains uniform). Therefore, the threshold of substantial evidence must be met in order to trigger the trial court's authority to exercise its discretion to award attorney's fees in an adult abuse case.

In this case, K.D. did not submit substantial evidence of the parties' financial resources, and therefore the court lacked the authority to award attorney's fees.

However, in the interest of justice, and in light of the facts of this case, we remand to the trial court for further proceedings on the issue of K.D.'s attorney's fees on appeal. *See In re the Marriage of Summers,* 677 S.W.2d 435, 436 (Mo.App. S.D. 1984) (claim for attorney's fees pursuant to section 452.355 was remanded for further proceedings when there was no evidence of any relevant factor other than the wife's financial history) (cited with approval in *W.K.B. ex rel. S.M.B. v. A.T.W.,* 810 S.W.2d 601, 607 (Mo.App. E.D.1991)).

### Conclusion

The circuit court cannot award attorney's fees under section 455.075 without substantial evidence of the parties' financial resources. Here, the circuit court lacked such evidence. Accordingly, the circuit court abused its discretion, and we reverse its judgment and remand for fur-

ther proceedings on the issue of K.D.'s attorney's fees.

JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA, Judge, concur.