J.S., Respondent,

v.

D.W., Appellant.

No. ED 98211.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 5, 2013.

Melissa A. Featherston, St. Louis, MO, for appellant.

W. Bevis Schock, St. Louis, MO, for respondent.

## OPINION

ANGELA T. QUIGLESS, Judge.

D.W. appeals the trial court's award of attorney's fees to J.S. D.W. alleges the trial court erroneously awarded J.S. $2,400.00 in attorney's fees. Because there was insufficient evidence to support the trial court's award, we find that the court abused its discretion. Therefore, we reverse the trial court's decision.

## I.  BACKGROUND

J.S. filed a petition for an order of protection against D.W. J.S. attached an incomplete financial statement to her petition that listed only her employer. The trial court granted an ex parte order of protection, and later entered judgment for a full order of protection. At the hearing for the full order of protection, J.S. testified that she had been a registered nurse for thirty-seven years, and currently worked at St. Luke's Hospital. D.W., appearing *pro se,* testified that he was a carpenter. No other evidence of the parties' financial resources was adduced.

After J.S.'s testimony, her counsel testified as to his time spent in the case through trial and requested an attorney's fee award of $2,400.00. The trial court awarded the attorney's fees. That award is the sole issue on appeal.

## II.  DISCUSSION

In his sole point on appeal, D.W. contends the trial court erred in awarding J.S. attorney's fees as there was insufficient evidence to show the financial conditions of the parties. J.S. concedes there was insufficient evidence to support the trial court's award of attorney's fees, and asks this court to remand the case for further proceedings. Because the record is devoid of any evidence to support the award, we reverse the trial court's decision outright. *See Barancik v. Meade,* 106 S.W.3d 582, 594 (Mo.App. W.D.2003) (reversing award of attorney's fees because the only evidence Respondent presented as to her financial resources was her unemployment at the time of trial.).

■ Upon review of a court-tried case, we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Afridi v. Auman,* 301 S.W.3d 595, 597 (Mo.App. W.D.2010). On the specific issue of an attorney's fees award, we will reverse only if the court abused its discretion. *Afridi,* 301 S.W.3d at 597. The determination of reasonable attorney's fees is in the sound discretion of the trial court. *Williams v. Trans States Airlines, Inc.,* 281 S.W.3d 854, 877 (Mo.App. E.D. 2009). This determination shall not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration. *Id.* at 877–78. The trial court is considered an expert on the issue of attorney's fees such that, in the absence of a contrary showing, the trial court is presumed to know the character of the attorney's services rendered in duration, zeal, and ability. *Id.* at 878.

■ Pursuant to Section 455.075 [1], the trial court may order a party to pay a reasonable amount to the other party for attorney's fees in adult abuse cases. "The court *shall consider* all relevant factors, including *the financial resources of both parties.*" Section 455.075 (emphasis added). The language of this statute essentially mirrors the language of Section 452.355 of the Dissolution of Marriage Act. *Minor v. Minor,* 901 S.W.2d 163, 166 (Mo.App. E.D. 1995). As such, it seems clear that the legislature intended the same requirements be satisfied before the trial court could award attorney's fees. *Id.* Therefore, there must be evidence of the parties' financial resources in order for the trial court to award attorney's fees under these statutes. *See Hihn v. Hihn,* 237 S.W.3d 607, 609–10 (Mo.App. E.D.2007). Under the analogous section 452.355, "a court must know what debts each party owes and what non-employment income each

---

1. All statutory references are to RSMo. (2011), unless otherwise indicated.

party has before it can determine either need or ability to pay." *Barancik v. Meade,* 106 S.W.3d 582, 594 (Mo.App. W.D.2003).

The trial court abused its discretion in awarding J.S. attorney's fees as there was insufficient evidence of the parties' financial resources. Neither party presented evidence of their respective financial resources. Further, J.S. failed to complete the financial statement attached to her petition. While the court heard testimony of J.S.'s career as a registered nurse and D.W.'s career as a carpenter, the parties concede this information was insufficient to constitute evidence regarding the parties' financial resources and ability to pay attorney's fees. As such, the trial court abused its discretion in ordering D.W. to pay $2,400.00 in attorney's fees, and the ruling must be reversed.

### III. CONCLUSION

For the foregoing reasons, we reverse the trial court's decision.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., Concur.