

# In the Missouri Court of Appeals
# Eastern District
## DIVISION FIVE

| | | |
|---|---|---|
| S.J.H., | ) | No. ED112072 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | |
| | ) | Honorable Ryan J. Helfrich |
| J.P.H., | ) | |
| | ) | |
| Appellant. | ) | FILED:  October 1, 2024 |

J.P.H. ("Husband") appeals the trial court's judgment granting S.J.H. ("Wife") a full order of protection against him.  In four points on appeal, Husband argues that the trial court erred in (1) denying his motion for continuance; (2) granting Wife relief not requested in her petition; (3) granting Wife leave to amend her petition on the day of the hearing; and (4) awarding attorney fees to Wife.  We reverse the award of attorney fees but affirm the judgment in all other respects.

### Factual and Procedural Background

On September 1, 2022, Wife filed a petition for order of protection against Husband, alleging that he had caused or attempted to cause her physical harm, stalked her, harassed her and followed her from place to place.  That same day, the trial court entered an ex parte order of protection ordering Husband to not "commit or threaten to commit domestic violence, stalking, molesting, sexual assault, or disturbing the peace of [Wife] wherever [Wife] may be found."  On June 20, 2023, after numerous continuances, the trial court set the cause for a hearing on August 14, 2023.  Nearly a month before the hearing, Husband's counsel filed a motion to withdraw for

"professional considerations." By email correspondence sent the same day, counsel notified Husband of the motion and instructed him to "pay careful attention to court dates, including August 14, 2023 at 9:00 a.m. for which your attendance is required."

Three days before the hearing, on August 11, 2023, Husband filed a verified motion for continuance. In the motion, Husband cited counsel's motion to withdraw as the reason for his request, explaining that "there has been a disagreement in trial strategy/preparation" and that he needed "more time to be prepared for trial on Monday and to seek new counsel if the disagreement is not cured."

The trial court held the hearing as scheduled on August 14, 2023. Wife and her counsel were in attendance along with Husband's counsel, but Husband failed to appear. As a preliminary matter, the trial court granted Husband's counsel's motion to withdraw. The trial court then considered Husband's motion for continuance. Husband's counsel orally represented that Husband was requesting a continuance because he was "not feeling well" and was scheduled for a COVID test that morning, but counsel did not mention the reason listed in Husband's written motion. Wife's counsel suggested that the actual reason for Husband's absence was a bond condition in an Illinois criminal case that prevented him from leaving that state, accusing Husband of "trying desperately to not tell anybody about his charges up there and his bond conditions." The trial court denied the motion for continuance and excused Husband's counsel from the proceeding. The trial court then heard Wife's testimony and received exhibits into evidence. During her testimony, Wife requested the trial court to order Husband to pay her attorney fees in this matter, and the trial court permitted her to file a memorandum detailing those fees.

At the conclusion of the hearing, the trial court announced that it would grant Wife a full order of protection against Husband. In its judgment entered on August 18, 2023, the trial court

2

found that Husband "poses a serious danger to the physical and/or mental health of [Wife]," "has continuously abused, harassed, disturbed the peace of, and stalked [Wife]," and "has repeatedly committed acts of domestic violence against [Wife]." The judgment also ordered Husband to pay Wife's attorney fees in the amount of $7,500 without providing reasons for the award.

On August 17, 2023, a day before the trial court entered its judgment, Husband's new counsel filed a motion to set aside the judgment or, alternatively, for new trial. In the motion, Husband claimed he had been unable to appear at the trial "due to a condition of his bond in an Illinois criminal proceeding" and that he had been "unable to seek leave of the court in Illinois to travel to Missouri due to illness." Husband attached to the motion a copy of his personal recognizance bond, which showed the Illinois court had set his bond 48 days before the hearing in this matter. The trial court denied the motion, and this appeal follows.

## Discussion

### Point I

In his first point, Husband argues that the trial court "erred and abused its discretion in denying [his] request to continue the trial date and instead proceeding in his absence" because he "had good cause" in that he "was unavailable to appear for the hearing due to illness" and was prohibited by his Illinois bond condition from traveling to Missouri. We disagree.

We review the denial of a motion for continuance for an abuse of discretion. *In re G.G.B.*, 394 S.W.3d 457, 464 (Mo. App. E.D. 2013). An abuse of discretion occurs when the trial court's ruling "is clearly against the logic of the circumstances and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Macke v. Patton*, 591 S.W.3d 865, 868 (Mo. banc 2019) (quoting *Howard v. City of Kan. City*, 332 S.W.3d 772, 785-86 (Mo. banc 2011)). We will hold that a trial court abused its discretion in

3

denying a motion for a continuance "[o]nly in extreme cases where it clearly appears that the moving party is free of any dereliction." *D.A.T. v. M.A.T.*, 413 S.W.3d 665, 670 (Mo. App. E.D. 2013) (alteration omitted) (quoting *Chapman v. St. Louis Cnty. Bank*, 649 S.W.2d 920, 924 (Mo. App. E.D. 1983)).

Rule 65.03[1] provides that "[a]n application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for continuance may be made orally." A party seeking a continuance shall serve the written motion for continuance and notice of hearing "not later than five days before the time specified for the hearing." Rule 44.01(d).

In analyzing this issue, it is important to note that Husband does not seek reversal based on the ground for a continuance he initially asserted in the written motion he filed before the hearing, which stated he needed more preparation time in light of his counsel's motion to withdraw. Instead, Husband's challenge rests on two other grounds for a continuance: illness and his Illinois bond condition. Again, on the day of the hearing, Husband's counsel orally sought a continuance on the basis that Husband was ill and planned to take a COVID test. Wife's counsel was incredulous, suggesting that Husband's bond condition was the real reason he was absent. Husband's counsel did not assert the bond condition as a basis for continuing the hearing at that time. It was not until three days after the hearing that Husband first claimed in his post-trial motion (filed by his new counsel) that the bond condition warranted a continuance.

The requests for a continuance that are the subject of this appeal did not comply with Rule 65.03 or Rule 44.01(d) because they were not contained in a written motion filed at least five days

---

[1] All rule references are to the Missouri Supreme Court Rules (2023).

4

before the hearing and accompanied by an affidavit verifying the allegations.[2] "Absent compliance with the requirements of Rule 65.03, there can be no abuse of discretion in denying a continuance." *In re P.D.*, 144 S.W.3d 907, 911 (Mo. App. E.D. 2004). We also note that Husband's bond condition had been in place for well over a month, leaving Husband ample opportunity to seek a continuance on that basis by filing a motion and the required affidavit in full compliance with these rules. The trial court did not abuse its discretion in denying a continuance. *See D.A.T.*, 413 S.W.3d at 670. Point I is denied.

### *Points II and III*

In his second and third points, Husband argues that the trial court erred in granting Wife relief beyond what was requested in her petition and in granting Wife leave to amend her petition on the day of the hearing. We do not reach the merits of these arguments because Husband failed to preserve them for our review.

In a court-tried case, "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review if the matter was previously presented to the trial court." Rule 78.07(b). "An issue that was never presented to or decided by the trial court is not preserved for appellate review." *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014) (per curiam) (quotation omitted). Here, Husband failed to preserve the arguments in Points II and III because he never gave the trial court an opportunity to correct the alleged errors; he did not appear at the hearing to raise his objections, nor did he bring them to the trial court's attention in his post-trial motion.

---

[2] Husband's written motion for continuance also failed to comply with Rule 44.01(d) since Husband did not file it at least five days before the hearing.

"An issue not preserved for review may still be considered by this court but will only be reviewed for plain error." *Int. of L.J.H.*, 604 S.W.3d 883, 889 (Mo. App. W.D. 2020) (quotation omitted). We "rarely exercise plain error review in civil cases and will do so only where the claimed error facially establishes substantial grounds for believing manifest injustice or miscarriage of justice resulted." *Int. of K.C.G.*, 689 S.W.3d 759, 764 (Mo. App. S.D. 2024). Because Husband has not met his burden of demonstrating manifest injustice, we decline plain error review. Points II and III are denied.

*Point IV*

In his fourth and final point, Husband argues that the trial court erred in granting attorney fees to Wife because there was insufficient evidence of the parties' financial resources to justify the award. We agree.[3]

In reviewing an attorney fees award, "we will reverse only if the court abused its discretion." *J.S. v. D.W.*, 395 S.W.3d 44, 45 (Mo. App. E.D. 2013). "The trial court is considered an expert on the necessity, reasonableness, and value of attorney's fees," and we will not reverse its determination absent evidence that the award is arbitrary or unreasonable and lacked proper judicial consideration. *Welman v. Parker*, 391 S.W.3d 477, 485 (Mo. App. S.D. 2013) (quotation omitted).

In an adult abuse case, the trial court may order a party to pay a reasonable amount to the other party for attorney fees. Section 455.075.[4] In determining whether it is appropriate to award such fees, trial courts are required by section 455.075 to "consider all relevant factors, including

---

[3] Although Wife contends this argument has not been preserved for appellate review, we are able to reach the merits of this claim pursuant to section 510.310.4, which provides that "[t]he question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court."

[4] All statutory references are to RSMo (2016), as updated by the Cumulative Supplement (2023).

the financial resources of both parties." This statutory directive "essentially mirrors the language of [section] 452.355 of the Dissolution of Marriage Act," and "[i]t seems clear that the legislature intended the same requirements be satisfied before the trial court [can] award attorney's fees." *Minor v. Minor*, 901 S.W.2d 163, 166 (Mo. App. E.D. 1995). "Therefore, there must be evidence of the parties' financial resources in order for the trial court to award attorney's fees under these statutes." *J.S.*, 395 S.W.3d at 45. "Under the analogous section 452.355, 'a court must know what debts each party owes and what non-employment income each party has before it can determine either need or ability to pay.'" *Id*. at 45-46 (quoting *Barancik v. Meade*, 106 S.W.3d 582, 594 (Mo. App. W.D. 2003)). "[W]e will look to the record to see if sufficient evidence was presented to allow the finder of fact to consider the financial resources of each party." *K.M.D. v. Alosi*, 324 S.W.3d 477, 480 (Mo. App. W.D. 2010). "[T]he threshold of substantial evidence must be met in order to trigger the trial court's authority to exercise its discretion to award attorney's fees in an adult abuse case." *Id.* at 481.

Here, the trial court abused its discretion in awarding attorney fees to Wife because there was insufficient evidence of the parties' financial resources. In fact, the record is devoid of *any* evidence to support the award. Neither party filed a financial statement, and Wife provided no testimony at all about the income, assets and debts of the parties. Nor did she testify that she needed an award of attorney fees or that Husband had the ability to pay them.

Acknowledging this absence of evidence, Wife relies on the invited error doctrine, alleging that Husband's misconduct made it "impossible" for the trial court to consider the parties' financial resources in determining whether to award attorney fees. Wife claims that she "had no knowledge of the parties' financial condition" because Husband "had hidden it from her for ten years." According to Wife, Husband told her that he had filed joint tax returns on their behalf when he had

not done so. She also stresses that her petition alleged that Husband had hidden her mail and "tax information and statements," including Wife's W-2s. And she points to Husband's failure to fully comply with discovery requests despite the trial court's orders that he do so.

"The invited error doctrine holds that 'a party cannot complain on appeal of any alleged error in which, by his or her own conduct at trial, he or she joined in or acquiesced to.'" *Eckelkamp v. Burlington N. Santa Fe Ry. Co.*, 298 S.W.3d 546, 553 (Mo. App. E.D. 2009) (quoting *Eltiste v. Ford Motor Co.*, 167 S.W.3d 742, 754 (Mo. App. E.D. 2005)). Wife, however, has provided no authority that suggests even by analogy that the invited error doctrine can somehow remove the requirement of substantial evidence to support an award of attorney fees in an adult abuse case. Although Husband's conduct is troubling, we are bound to apply section 455.075, which contains no exception of the sort that Wife seeks.

Because the record is devoid of any evidence to support the trial court's award of attorney fees under section 455.075, we reverse the trial court's award outright. *See J.S.*, 395 S.W.3d at 45. Point IV is granted.

### Conclusion

For the foregoing reasons, we reverse trial court's award of attorney fees and affirm the judgment in all other respects. All pending motions are denied.

_____
MICHAEL E. GARDNER, Judge

Thomas C. Clark II, C.J., concurs.
Joseph A. Rathert, Sp.J., concurs.

8